UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT ROBLES, JR., ) | CASE NO. ED CV 11-9-R (PJW) |
| ) | |
| Petitioner, ) | ORDER TO SHOW CAUSE WHY PETITION |
| ) | SHOULD NOT BE DISMISSED |
| v. ) | |
| ) | |
| UNKNOWN, ) | |
| ) | |
| Respondent. ) | |

On January 3, 2011, Petitioner filed a Petition for Writ of Habeas Corpus, seeking to challenge his 1995 state court conviction for second degree murder and his 15 years-to-life sentence. (Petition at 2.) For the following reasons, Petitioner is ordered to show cause why his Petition should not be dismissed because it is time-barred, fails to present any grounds for relief, and fails to name a respondent.

State prisoners seeking to challenge their state convictions in federal habeas corpus proceedings are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). Here, the Petition does not make clear when his conviction became final because Petitioner has not provided the date that the state supreme court denied review. (*See* Petition at 3.) In light of Petitioner's conviction date of June

1995, however, it is more than likely that his conviction became final no later than 1996 or 1997.  Assuming that the statute of limitations expired one year later, in 1998, it appears that Petitioner filed this Petition more than 10 years after the deadline.  The statute of limitations is subject to equitable tolling in appropriate cases.  *See Holland v. Florida,* \_\_ U.S. \_\_, 130 S. Ct. 2549, 2560 (2010).  Here, however, Petitioner has presented no basis for tolling the limitations period.  Accordingly, the Petition appears to be untimely.

Additionally, Petitioner has failed to state *any* grounds for relief.[1]  (*See* Petition at 5.)  Instead, Petitioner states, "I need help, I don't know what to file for."  (Petition at 5.)  The Court liberally construes this statement as a request for appointment of counsel pursuant to 18 U.S.C. § 3006A.  Absent anything to indicate that Petitioner has potentially cognizable, let alone meritorious, claims, however, the Court declines to appoint counsel here.  *See*, *e.g.*, *Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987) (prisoners who apply for habeas relief are not entitled as a matter of right to appointment of counsel); *see also Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986) (decision to appoint counsel for habeas petitioner is within discretion of district court).

Finally, Petitioner has failed to name a respondent to his Petition.  Under the rules governing federal habeas corpus relief, Petitioner is required to name "the state officer having custody" of

---

[1] Petitioner's failure to demonstrate any grounds for relief means, of course, that he has also failed to demonstrate that he has presented his claims to the California Supreme Court, as he is required to do.  *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999); *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982).

```
 1 │ him, typically the warden of the facility in which Petitioner is
 2 │ incarcerated, as the respondent.  *Ortiz-Sandoval v. Gomez*, 81 F.3d
 3 │ 891, 894 (9th Cir. 1996).  Failure to name the correct respondent
 4 │ deprives this Court of personal jurisdiction.  *Id.*
 5 │      IT IS THEREFORE ORDERED that, no later than **February 7, 2011**,
 6 │ Petitioner shall inform the Court in writing why this case should not
 7 │ be dismissed with prejudice because it is barred by the statute of
 8 │ limitations, fails to raise a claim, and fails to name a respondent.
 9 │ Failure to timely file a response will result in a recommendation that
10 │ this case be dismissed.
11 │      DATED:    January 11, 2011.
12 │
13 │                           _____/s/ Patrick J. Walsh_____
14 │                           PATRICK J. WALSH
                               UNITED STATES MAGISTRATE JUDGE
```

28 S:\PJW\Cases-State Habeas\ROBLES, G 9\OSC dismiss pet.wpd